IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:16-CV-332-BO

| | |
|---|---|
| RUBY SHEFFIELD, individually and on behalf of all others similarly situated, ) ) ) Plaintiff, ) ) v. ) ) BB&T CORPORATION, BRANCH ) BANKING AND TRUST COMPANY, ) and DOES 1-10, ) ) Defendants. ) | O R D E R |

This cause comes before the Court on plaintiff's motion for conditional class certification and Court supervised notice under 29 U.S.C. § 216(b). Defendants have responded, plaintiff has replied, and the matter is ripe for ruling. For the reasons that follow, plaintiff's motion is granted.

## BACKGROUND

Plaintiff is a former employee of defendant BB&T, which is in part a commercial bank organized under the laws of North Carolina, who was assigned to work as a special assets collection representative at BB&T's call center facility located in Lumberton, North Carolina. Plaintiff alleges that BB&T employed more than 100 collection or customer service representatives at its Lumberton call center. Plaintiff further alleges that BB&T required its call center employees to report to their workstations ten minutes prior to beginning their shifts in order to start and login to their computers and computer programs and applications, but were not compensated for this time. Plaintiff alleges that as a result, plaintiff and other call center

employees were scheduled to work more than forty-hours per week and were not paid for overtime.

## DISCUSSION

The FLSA expressly allows employees to maintain a collective action for, *inter alia*, "unpaid minimum wages, or their unpaid overtime compensation." 29 U.S.C. § 216(b). To bring a collective action under the FLSA, the putative plaintiffs must satisfy two requirements: (1) they must establish they are "similarly situated," and (2), they must affirmatively consent to the named plaintiff's class representation. *Id.* As to the question of whether the putative plaintiffs are "similarly situated," the Court applies a two-step approach. *See Cameron-Grant v. Maxim Health Care Servs., Inc.*, 347 F.3d 1240, 1243 (11th Cir. 2003).[1]

At the first, "notice" stage of the process, the Court determines whether the plaintiff and potential opt-in plaintiffs are sufficiently "similarly situated" to warrant notice being given to allow potential plaintiffs to opt-in and to proceed as a collective action through discovery; at this initial stage, a lenient standard applies. *McLaurin v. Prestage Foods, Inc.*, 271 F.R.D. 465, 469 (E.D.N.C. 2010). A plaintiff must establish "a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law." *Patton v. Thomson Corp.*, 364 F. Supp. 2d 263, 267 (E.D.N.Y Apr. 5, 2005)) (citations omitted). If the Court finds plaintiff and potential opt-in plaintiffs sufficiently similarly situated to warrant issuing notice of the collective action, the Court will conditionally certify the collective action.

---

[1] This Court has previously found the two-step approach to determining whether putative plaintiffs are "similarly situated" to be "rational, fair, and supported by sufficient persuasive case law" and therefore applies it here. *See Ceras-Campo v. WF P'ship*, No. 5:10-CV-215-BO, 2011 WL 588417, at *2 (E.D.N.C. Feb. 9, 2011).

2

The second stage of collective action certification is triggered later. The Eleventh Circuit Court of Appeals described the second stage of the two-stage approach as follows:

> The second determination is typically precipitated by a motion for "decertification" by the defendant usually filed after discovery is largely complete and the matter is ready for trial. At this stage, the court has much more information on which to base its decision, and makes a factual determination on the similarly situated question. If the claimants are similarly situated, the district court allows the representative action to proceed to trial. If the claimants are not similarly situated, the district court decertifies the class, and the opt-in plaintiffs are dismissed without prejudice. The class representatives-*i.e.* the original plaintiffs-proceed to trial on their individual claims.

*Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1218 (11th Cir. 2001) (quoting *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213-14 (5th Cir. 1995) (internal footnote omitted)).

Defendants do not challenge plaintiff's assertion that she and the other call center employees at the Lumberton facility are similarly situated for purposes of conditional certification. Further, plaintiff and defendants have conferred and stipulated to the form of the Notice and Consent to Sue forms, and have also agreed that the statute of limitations on the notice should reference three years prior to the date the court-ordered notice is sent. The Court, having conducted its own review, agrees that plaintiff and the putative class members are similarly situated for purposes of conditional certification. Accordingly, plaintiff's motion to conditionally certify class is GRANTED and the class is hereby defined as:

> All Collections Representatives I and II employed by Branch Banking and Trust Company, its subsidiaries, or other related entities at its Lumberton, North Carolina call center, who were not paid for the overtime hours they worked off-the-clock prior to the start of their shifts from [three years prior to the date court-ordered notice is sent] through completion of this litigation.

The Court further agrees that the notice and forms submitted by the parties are appropriate. The sole remaining question for the Court is whether to permit the potential opt-in class members to be contacted at their personal email address, if defendants have retained such information. The Court finds any burden on defendants to produce such information to be minimal and that

3

inclusion of email correspondence to potential opt-in class members will assist in furthering the purposes of the FLSA. Accordingly, plaintiff's request to serve notice of this lawsuit on putative class members by personal email is allowed. Defendants are DIRECTED to provide to plaintiff, along with any physical address information, any personal email addresses of putative class members that defendants have retained.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for conditional class certification and court supervised notice under 29 U.S.C. § 216(b) is GRANTED. The Notice and Consent to Sue forms agreed to by the parties and filed at [DE 31-1] are APPROVED. Defendants shall provide to plaintiff within fourteen days of the date of entry of this order the name, job titles, last known addresses, email addresses if retained, and dates of employment of collective class members in an electronic and importable format. The opt-in period for collective class members is sixty days.

SO ORDERED, this __4__ day of May, 2017.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE