IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
CASE NO. 7:16-cv-00332-BO

RUBY SHEFFIELD, individually and )
on behalf of all others similarly situated, )
)
    Plaintiff, )
)
v. )
)
BB&T CORPORATION, BRANCH )
BANKING AND TRUST COMPANY, )
and DOES 1-10, )
)
    Defendants. )
_____)

## MEMORANDUM OF LAW IN SUPPORT OF
## JOINT MOTION FOR FINAL APPROVAL ORDER

    Plaintiff Ruby Sheffield and Defendants BB&T Corporation and Branch Banking and Trust Company hereby submit, pursuant to Local Rule 7.2, this Memorandum of Law in support of their Joint Motion seeking a Final Approval Order approving the settlement of this action. Through this joint motion, the Parties respectfully request this Court to approve their settlement and to dismiss Plaintiffs' claims with prejudice. As detailed below, the Court should grant the Parties' motion because this settlement is fair, adequate, and a reasonable resolution of the Parties' *bona fide* disputes as to liability and damages under the Fair Labor Standards Act.

# STATEMENT OF THE CASE/FACTS

### A. The Litigation

On September 27, 2016, Plaintiff initiated this an action against Defendants BB&T Corporation and Branch Banking and Trust Company (collectively, "BB&T"), alleging BB&T violated the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), and the North Carolina Wage and Hour Act, N.C. Gen. Stat §§ 95-25.1, et seq. ("NCWHA"). Specifically, Plaintiff alleged she was not paid for the time she spent booting up her computer and logging onto computer systems at the beginning of her shifts while working as a Collections Representative at BB&T's call center located in Lumberton, North Carolina. On November 23, 2016, BB&T filed its Answer and denied that it violated the FLSA or NCWHA.

On May 4, 2017, the Court entered an Order conditionally certifying an FLSA collective action and issuing notice to:

> All Collections Representatives I and II employed by Branch Banking and Trust Company, its subsidiaries, or other related entities at its Lumberton, North Carolina call center, who were not paid for the overtime hours they worked off-the-clock prior to the start of their shifts from [May 26, 2014] through completion of this litigation.

[Doc. 33]. As a result, a total of eighty-one (81) individuals participated in the case. One of the eighty (80) opt-in plaintiffs submitted on November 3, 2017, a Withdrawal of Filed Consent to Sue. [Doc. 65], bringing the number of plaintiffs, including named and opt-in plaintiffs, eligible to participate in the subsequent settlement to eighty (80).

### B. The Court's Preliminary Approval of Settlement

The Parties participated in a November 7, 2017, mediation session before mediator Carl Horn, III. Prior to and during the mediation, the Parties and the mediator evaluated their

respective positions, the rights of their clients, and the likelihood that they could prove their claims or defenses. Ultimately, the mediation resulted in a Stipulation of Agreement settling the case, pending the Court's approval. The settlement covers the FLSA collective action as well as the Plaintiff's individual claim under the NCWHA, and thus results in the dismissal of all claims in this action with prejudice.

On January 25, 2018, Plaintiff filed an unopposed motion for preliminary approval of the FLSA collective settlement. [Doc. 68]. The Court granted the motion on February 8, 2018, thereby preliminarily approving the Stipulation of Settlement [Doc. 68-1], including class counsel's requested attorneys' fees, costs and expenses to be deducted from the gross settlement amount. [Doc. 70]. In this Order, the Court approved the dissemination of the Notice of Settlement and Release of Claims in accordance with the agreed-upon notice and communication plan, and directed that the form be disseminated, using the agreed-upon third-party administrator, within thirty (30) days after entry of the Order. [Doc. 70].

### C. Completion of Notice and Communication Plan

On March 9, 2018, in accordance with the Stipulation of Settlement [Doc. 68-1] and the Court's Order granting preliminary approval [Doc. 70], third-party settlement administrator RG/2 Claims Administration LLC Claims ("RG/2 Claims") caused to be served by First Class U.S. Mail the individualized Notice of Settlement and Release of Claims and Release of Claims Form ("Notice Packet") to the eighty (80) identified class members who were eligible under the terms of the Stipulation of Settlement to participate. (Declaration of Melissa E. Baldwin at ¶ 6, Ex. A). Among other things, the Notice Packet informed each eligible plaintiff of the total settlement amount, his/her settlement offer including a description of the factors considered in determining the offer, the essential terms of the

3

5180553v.1

Case 7:16-cv-00332-BO    Document 72    Filed 04/20/18    Page 3 of 8

settlement including the released claims, the amount of attorneys' fees and out-of-pocket litigation costs that the Court preliminarily approved for class counsel, and the plaintiffs' right to exclude themselves from the settlement. (*Id.*). Each Notice Packet included a Form W-9 and self-addressed, postage prepaid return envelope for the class members' use. (*Id.*).

No Notice Packets were returned to RG/2 Claims by the United States Postal Service as undeliverable. (*Id.* at ¶ 7). Thus, 100% of the eighty (80) Notice Packets that were mailed (and not returned) are presumed to have been successfully delivered to the eligible class members. (*Id.*).

To date, RG/2 Claims has received fifty-nine (59) signed Release of Claims Forms from eligible class members. (*Id.* at ¶ 8). Fifty-two (52) of these were received by the April 9, 2018 claims submission deadline and therefore deemed to be timely, and seven (7) were received after the April 9, 2018 deadline. (*Id.*). The Parties have agreed to accept all Release of Claims Forms, with completed W-9s, received through the Court's entry of an order granting final approval, the Effective Date of Settlement as defined in the Stipulation of Agreement, as valid and included within the scope of the settlement, in order to effectuate the overall intent of the Stipulation of Settlement.

In all, the returned Release of Claims Forms represent 73.75% of the eighty (80) eligible class members, and 90.30% ($30,555.71) of the Net Settlement Amount allocated to class members ($33,836.00). (*Id.* at ¶ 9). RG/2 Claims did not receive any Settlement Rejection requests. (*Id.* at ¶ 10).

4

5180553v.1

Case 7:16-cv-00332-BO   Document 72   Filed 04/20/18   Page 4 of 8

# ARGUMENT

Court approval is required to settle an FLSA lawsuit. *Taylor v. Progress Energy, Inc.*, 493 F.3d 454, 460 (4th Cir. 2007) (citing *D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108, 114-16 (1946)). Specifically, the court reviews the settlement to insure it is fair and reasonable resolution of a bona fide dispute. *Hargrove v. Ryla Teleservices, Inc.,* No. 2:11-cv-344, 2013 WL 1897027, at *10 (E.D. Va. April 12, 2013*) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982)). Court approval of an FLSA settlement is appropriate where the settlement proposed by the parties constitutes a reasonable compromise over issues. *Lynn's Food Stores Inc.*, 679 F.2d at 1354. When determining whether a FLSA settlement is fair and reasonable, the court should consider and weigh the following:

> (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the probability of plaintiffs' success on the merits and (6) the amount of the settlement in relation to the potential recovery.

*Hargrove*, 2013 WL 1897027, at *9–*10 (citing *Lomascolo v. Parson Brinckerhoff, Inc.*, No. 1:08-cv-1310, 2009 WL 3094955, at *10 (E.D. Va. Sept. 28, 2009)). This is precisely what the Court did when granting its Order preliminary approving the Stipulation of Settlement. [Doc. 70].

As shown by the Declaration from RG/2 Claims, the Parties have implemented the notice and communications plan consistent with the Stipulation of Settlement and the Court's Order granting preliminary approval. A Notice Packet was mailed to each of the plaintiffs eligible to participate in the settlement and, as evidenced by the lack of any Postal Service returns, it is presumed that each of the eligible plaintiffs received the mailing.

The response from the class members further supports the Court's finding that he settlement is fair, reasonable, and adequate. As set forth above, 73.75% of the eligible class members elected to participate in the settlement, representing 90.30% of the total class settlement funds, and none of the class members submitted rejection notices.

Accordingly, all that remains for the Court to finalize this settlement is the entry of a final order, approving the settlement and dismissing all released claims and this action with prejudice. Following the Court's final approval, Parties will then be responsible for performing and carrying out their respective obligations under the Stipulation of Settlement, including payment of funds to the named plaintiff, the settling plaintiffs, and class counsel in accordance with the Stipulation of Agreement.

## **CONCLUSION**

For the reasons stated herein, as well as the Court's Order preliminarily approving the settlement [Doc. 70], the Parties hereby request that the Court issue an Order, as the last step required to finalize the settlement, approving the Stipulation of Settlement and dismissing all released claims and this action with prejudice.

This the 20th day of April, 2018.

**/s/ Daniel K. Bryson**
Daniel K. Bryson
N.C. State Bar No. 15781
Whitfield Bryson Mason, LLP
900 West Morgan Street
Raleigh, NC 27603
Telephone: (919) 600-5000
Facsimile: (919) 600-5035
Email: dan@wbmllp.com

**/s/ Molly E. Nephew**
Molly E. Nephew
MN Bar No, 397607
JOHNSON BECKER, PLLC
444 Cedar Street, Suite 1800
St. Paul, Minnesota 55101
Telephone: (612) 436-1800
Facsimile: (612) 436-1801
Email:  mnephew@johnsonbecker.com

*Counsel for Plaintiff*

**/s/ Jill S. Stricklin**
Jill S. Stricklin
NC State Bar No. 20145
CONSTANGY, BROOKS, SMITH
& PROPHETE, LLP
100 N. Cherry Street, Suite 300
Winston-Salem, NC 27101
Telephone: (336) 721-6861
Facsimile: (336) 283-0393
Email: jstricklin@constangy.com

**/s/ Steven W. Moore**
Steven W. Moore
CO State Bar No. 23320
CONSTANGY, BROOKS, SMITH
& PROPHETE, LLP
Dominion Tower
600 17th Street, Suite 2700-S
Denver, CO 80202-5427
Telephone: (720) 343-7540
Facsimile:  (720) 343-7541
Email: smoore@constangy.com

**/s/ Stacy Mueller**
Stacy Mueller
CO State Bar No. 34222
CONSTANGY, BROOKS, SMITH
& PROPHETE, LLP
Dominion Tower
600 17th Street, Suite 2700-S
Denver, CO 80202-5427
Telephone: (720) 343-7554
Facsimile: (720) 343-7555
Email: smueller@constangy.com

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed this **MEMORANDUM OF LAW IN SUPPORT OF JOINT MOTION FOR FINAL APPROVAL ORDER** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: dan@wbmllp.com; mnephew@johnsonbecker.com; and dgrounds@johnsonbecker.com.

This the 20th day of April, 2018.

                                                **/s/Jill S. Stricklin**
Jill S. Stricklin
NC State Bar No. 20145
CONSTANGY, BROOKS, SMITH
& PROPHETE, LLP
100 N. Cherry Street, Suite 300
Winston-Salem, NC 27101
Telephone: (336) 721-6861
Facsimile: (336) 283-0393
Email: jstricklin@constangy.com